# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL JAMES RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-0772-CV-W-BP |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying his application for disability benefits. The Commissioner's decision is **REVERSED** and the matter is **REMANDED** for further proceedings as outlined below.

## I.  BACKGROUND

Plaintiff filed for benefits in June 2016, alleging that he became disabled on August 28, 2015, on which date he was involved in a serious car accident. The ALJ found that Plaintiff suffers from degenerative disc disease and degenerative joint disease, (R. at 13), but retains the residual functional capacity, ("RFC") to perform sedentary work (with certain additional limitations) so long as he has the option to sit or stand at will. (R. at 14.) Plaintiff has presented several arguments, including an argument that the RFC is not supported by substantial evidence in the Record as a whole. As discussed below, the Court agrees with Plaintiff on this point, which (1) requires reversal and remand and (2) makes it unnecessary to address Plaintiff's remaining arguments.

## II.  DISCUSSION

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole.  Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted).  Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision.  *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012).  "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. . . . .  As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citations omitted).

There are two somewhat related reasons why the Court concludes the RFC finding is not supported by substantial evidence in the Record as a whole.  First, a hearing was initially held in January 2018.  At that time, the ALJ determined that a consulting opinion was necessary and specifically instructed that the consultation be performed by an orthopedist or an orthopedic surgeon and that additional imaging be conducted.  (R. at 59.)  Plaintiff was sent for a consulting examination, but Plaintiff contends (and the Commissioner does not dispute) that the examination was not performed by an orthopedist or an orthopedic surgeon, but rather was performed by an ear, nose and throat specialist.  And, there is no evidence that the consultant administered an x-ray, MRI, or any other imaging; there is not even an indication that the consultant evaluated Plaintiff's prior records.  (R. at 1217-28.)[1]  The Court does not intend to parse when a doctor is or

---

[1] Curiously, the consultant indicated that Plaintiff's leg and back problems "began in 2015 due to an unknown etiology," (R. at 1217), and did not mention the car accident that caused Plaintiff's injuries.

is not qualified to render a medical opinion outside of his or her specialty. However, given the nature and history of Plaintiff's injuries, the ALJ saw a need for not just a consultation, but a consultation conducted by a doctor within that specialty. In light of the ALJ's determination of the needs of the case, the Court cannot conclude that those needs were satisfied.

Second, the ALJ's discussion did not fully address Plaintiff's ability to sit for extended periods of time. In March 2016, Plaintiff reported that he experienced pain in his right hip that was "painful enough that when he sits he can only sit on the left buttock," (R. at 442), and tenderness was noted over his right ischial tuberosity. (R. at 445.)[2] A similar observation was made in April 2016 (when tests on his right leg could not be administered because of his inability to sit) and in December 2016. (R. at 428, 589.) Eventually, in May 2017, he underwent an arthroscopy on his right hip – but it is not clear whether this was meant to address his problem with sitting or whether it was intended to address other problems. Regardless, following surgery Plaintiff's range of motion and ability to walk improved – but, in May 2018, he again demonstrated problems sitting that were traced to his right ischial tuberosity. (R. at 1261, 1270-71.) In May 2018, he was diagnosed as suffering from "[r]ight hip ischial tuberosity tendinitis." (R. at 1261.) And, Plaintiff has consistently reported limitations on his ability to sit and has stated that he can sit for no more than fifteen minutes at a time and that when he sits he has to lean onto his left side. (*E.g.,* R. at 35, 37-38, 203, 230, 239, 1218.)

The ALJ addressed Plaintiff's ability to walk and stand and his range of motion, (*e.g.,* R. at 15-16), but did not mention the evidence regarding Plaintiff's ability to sit. That is, there is no specific mention of the medical evidence on the issue, and there was no resolution of Plaintiff's testimony on the matter. The consultant opined that Plaintiff can sit for six hours at a time and

---

[2] The ischial tuberosity is a bony structure that attaches to various muscles and bears the body's weight when sitting.

eight hours a day, (R. at 1224), and the ALJ apparently adopted that finding by concluding that Plaintiff can perform sedentary work (because, according to SSR 96-9p, sedentary work requires the ability to sit for six hours a day). But there is no explanation for this finding and the Record does not contain substantial evidence establishing that Plaintiff can sit for six hours a day.[3]

### III. CONCLUSION

The Commissioner's final decision is **REVERSED,** and the case is **REMANDED** for further proceedings. On remand, the Commissioner should arrange for a consultative exam to be performed by an orthopedist or an orthopedic surgeon, which should also include a review of Plaintiff's medical records. The Commissioner should then arrange for a hearing so that the ALJ reconsider Plaintiff's RFC, including his ability to meet the sitting requirements for sedentary work.[4]

**IT IS SO ORDERED.**

|  | /s/ Beth Phillips |
|---|---|
|  | BETH PHILLIPS, CHIEF JUDGE |
| **DATE**: June 23, 2020 | UNITED STATES DISTRICT COURT |

---

[3] The RFC finding includes a requirement that Plaintiff can alternate between sitting and standing at will. However, if he can sit for only fifteen minutes at a time (as he testified) and if he can only stand for two hours per day (as the RFC finding indicates), then the sit/stand option will not account for an eight-hour work day.

[4] The ALJ originally noted the possibility that, due to changes in Plaintiff's condition and the effects of treatment, Plaintiff might be disabled for a closed period within the time covered by his application. (R. at 56.) And it may be that Plaintiff's ability to sit has changed over time – but that is a matter that can be considered on remand.